[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 30, 2007
THOMAS K. KAHN
CLERK

No. 07-11629
Non-Argument Calendar

_____

D. C. Docket No. 06-00003-CR-4-JTC-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHAN WYNN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(November 30, 2007)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Nathan Wynn appeals his sentence imposed after pleading guilty to

transporting a stolen motor vehicle in interstate commerce, in violation of 18 U.S.C. § 2312.  We address Wynn's issues on appeal in turn, and affirm his sentence.

I.

Wynn asserts the district court committed reversible error by failing to make an explicit finding as to the loss amount of the stolen vehicles until after determining what the court considered a reasonable sentence for Wynn.  Wynn also contends the district court clearly erred when it relied on the disputed presentence investigation report (PSI) to make its factual finding that the loss was more than $70,000.  Wynn asserts that once he challenged the factual finding, the Government failed to establish the loss amount by a preponderance of the evidence using "reliable and specific evidence."

We review a district court's amount-of-loss determination for clear error. *United States v. Machado*, 333 F.3d 1225, 1227 (11th Cir. 2003).  When a defendant challenges one of the bases of his sentence as set forth in the PSI, the government bears the burden of establishing the disputed fact by a preponderance of the evidence.  *United States v. Liss*, 265 F.3d 1220, 1230 (11th Cir. 2001).  We have explained "the preponderance standard is not toothless.  It is the district court's duty to ensure that the Government carries this burden by presenting

2

reliable and specific evidence." *United States v. Bernardine*, 73 F.3d 1078, 1080 (11th Cir. 1996) (emphasis omitted). Where the defendant provides evidence to rebut the allegation in the PSI, "courts may not simply accept a conclusion in the PSI without any evidentiary support." *Id.* at 1082.

Once Wynn objected to the value attributed to the stolen vehicles in the PSI, the Government bore the burden of proof by a preponderance of the evidence. Wynn specifically referenced evidence of the insurance payout on the vehicles which was less than $70,000 and argued the dealership list prices relied upon in the PSI were not a reliable reflection of the fair market value. In response, the Government specifically stated there was no additional evidence to support the loss amount figure other than the dealership's estimate of list value and agreed the insurance payout was a more reliable figure. The probation officer could provide no additional source to support the loss calculation in the PSI. Despite recognizing the dealership's list prices could be overstated and without receiving any further evidence, the district court adopted the PSI's assessment of loss specifically basing its finding on the contested list prices provided by the dealership. While "[a] sentencing court may rely on disputed facts in a sentencing report when they are shown by some reliable proof allowing the court to conclude it is not unlikely the statements are true," the Government failed to meet its burden in this case. *See*

*United States v. Delgado*, 56 F.3d 1357, 1371 (11th Cir. 1995).  Because the Government failed to provide any evidence of the loss amount other than the already disputed evidence, we conclude the district court clearly erred in determining the loss amount was the value stated in the PSI.

II.

Wynn asserts this error was not harmless.  In *United States v. Keene*, 470 F.3d 1347 (11th Cir. 2006), we held that where the sentencing judge specifically indicates he would have reached the same sentence under § 3553(a), a harmless-error type of analysis must be applied to determine whether

> the sentence imposed through the alternative or fallback reasoning of § 3553(a) [is] reasonable.  In determining whether it is reasonable we must assume that there was a guidelines error—that the guidelines issue should have been decided in the way the defendant argued and the advisory range reduced accordingly—and then ask whether the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable.

*Id.* at 1349.

Although the district court originally stated it was not going to rule on the objection to the eight-level increase for loss amount, prior to sentencing Wynn, the district court confirmed it was adopting the advisory Guidelines range in the PSI, 46 to 57 months, as the range to use in fashioning Wynn's sentence.  The sentencing court also expressly indicated that regardless of whether the loss

4

amount dictated a six or eight-level increase in the offense level, it, nonetheless, would have imposed the same 52-month sentence. Thus, in light of *Keene*, we apply the harmless-error analysis in order to determine whether the 52-month sentence would be reasonable under § 3553(a).

Assuming the district court should have determined that the loss amount was between $30,000 and $70,000, Wynn's total offense level should have been 14 rather than 16. With a total offense level of 14 and a criminal history category of VI, Wynn's resulting Guidelines range should have been 37 to 46 months' imprisonment. "The question then is whether the [52-month] sentence the court imposed is reasonable, assuming exactly the same conduct and other factors in the case, but using an advisory range of [37 to 46] months." *Id.* at 1350.

### III.

Wynn asserts his sentence is unreasonable because the district court focused only on Wynn's criminal history which is mitigated by his childhood, his drug addiction, his acceptance of responsibility, and his assistance to authorities.

Reasonableness review is deferential and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). When "reviewing the ultimate

5

sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety" rather than each individual decision made during the sentencing process. *United States v. Martin*, 455 F.3d 1227, 1237 (11th Cir. 2006) (quotations omitted). "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006). "When reviewing the length of a sentence for reasonableness, we will remand for resentencing if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Id.*

"If the Guidelines calculation is correct, or if the miscalculation is harmless, we consider whether the sentence is reasonable" in light of the factors outlined in § 3553(a) and the district court's reasons for imposing a particular sentence. *Id.* at 1360-61. Included among the § 3553(a) factors are (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for deterrence; (5) the need to protect the public; (6) the Sentencing Guidelines range; and (7) the need to avoid unwanted sentencing disparities. *See* 18 U.S.C. § 3553(a). The district

6

court, however, is not required "to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

Wynn cannot carry the burden of showing that his 52-month sentence was unreasonable even with an assumed advisory range of 37 to 46 months. The district court specifically stated that, regardless of its Guidelines calculations, it would have imposed a 52-month sentence based on the nature and circumstances of the offense and Wynn's history and characteristics. The record demonstrates the district court considered Wynn's history and characteristics and the need for the sentence imposed to promote respect for the law, to promote just punishment for the offense, to protect the public from future crimes of the defendant, and to provide adequate deterrence to criminal conduct. The district court's decision is supported by the unobjected-to facts from the PSI that Wynn, at 27 years of age, had a criminal record that included, among others, convictions for theft by shoplifting, forgery, burglary, criminal trespass, theft by taking, theft by receiving stolen property, and entering an auto. The PSI also recounts several instances in which Wynn violated probation by committing other crimes.

Wynn's argument that his sentence is unreasonable because he accepted responsibility by pleading guilty and providing information to investigators is

7

belied by the fact that he was unable to adhere to the terms of his pre-trial release and relapsed into drugs. In fact, the district court specifically noted that it hoped the length of the sentence would "afford some help" for Wynn's drug addiction. Accordingly, under these circumstances, we cannot conclude that a 52-month sentence is unreasonable given a Guidelines range of 37 to 46 months or 46 to 57 months. *See United States v. Lozano*, 490 F.3d 1317, 1324-25 (11th Cir. 2007) (holding a 72-month sentence was still reasonable even if the Guidelines range was 21 to 27 months rather than 63 to 78 months given the seriousness of the offense and the need to afford just punishment and deterrence)*; Keene*, 470 F.3d at 1350 (holding a 120-month sentence was reasonable assuming an advisory Guidelines range of 84 to 105 months rather than 100 to 125 months). Accordingly, we affirm the sentence imposed by the district court.

**AFFIRMED.**